IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH MILLER,

                      Plaintiff,                    OPINION AND ORDER

v.

                                              09-cv-680-slc

INTERVARSITY CHRISTIAN FELLOWSHIP/USA,

                      Defendant.

---

On November 9, 2009, plaintiff Elizabeth Miller filed suit in this court under the Age Discrimination and Employment Act (ADEA), 42 U.S.C. § 602 *et seq.*, alleging that defendant InterVarsity Christian Fellowship/USA failed to hire her as a grant writer because of her age. InterVarsity has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and alternatively, under Rule 12(b)(6) for failure to state a claim, asserting that it is exempt from suit under the First Amendment because it is a religious institution. Dkt. 16. InterVarsity also requests that in the event the court decides its motion under Rule 12(b)(6), the court consider the declarations of two InterVarsity employees.

Miller opposes the motion to dismiss on the ground that her complaint clearly invokes the court's federal question jurisdiction, making dismissal under either Rule 12(b)(1) or (6) improper. She also contends that allowing InterVarsity to file declarations would convert the motion to dismiss to one for summary judgment under Rule 56, for which InterVarsity has not provided proper notice.

For the reasons stated below, I am denying InterVarsity's motion to dismiss.

ANALYSIS

InterVarsity invokes what has been termed the "ministerial," "ministers" or "internal affairs" exception to federal employment statutes. *See Schleicher v. Salvation Army*, 518 F.3d 472, 475 (7th Cir. 2008). Although federal employment laws do not reference religious organizations explicitly, the Court of Appeals for the Seventh Circuit has followed the lead of other circuits in refusing to encroach upon a religious organization's employment relationship with its ministers. *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 702-03 (7th Cir. 2003) (citing *Young v. The Northern Illinois Conference of United Methodist Church*, 21 F.3d 184 (7th Cir. 1994); *Rayburn v. General Conference of Seventh-Day Adventists*, 772 F.2d 1164 (4th Cir. 1985); *McClure v. The Salvation Army*, 460 F.2d 553, 560 (5th Cir. 1972)). "The assumption behind [the exception] . . . is that Congress does not want courts to interfere in the internal management of churches, as they sometimes do in the management of prisons or school systems." *Schleicher*, 518 F.3d at 475. "To rule otherwise would enmesh the court in endless inquiries as to whether each discriminatory act was based in Church doctrine or simply secular animus." *Alicea-Hernandez*, 320 F.3d at 703; *see also Tomic v. Catholic Diocese of Peoria*, 442 F.3d 1036 (7th Cir. 2006) (holding same).

Citing *Schleicher*, 518 F.3d at 478, Miller contends that InterVarsity cannot invoke the ministerial exception in a motion to dismiss brought under Fed. R. Civ. P. 12(b)(1). In *Schleicher*, the court of appeals found that the district court had erred in relying on the exception as a basis for dismissing plaintiff's lawsuit under Rule 12(b)(1) because that rule "is intended for cases that are not within the jurisdiction of the district court." *Id.* The court noted that although a federal court "does not have jurisdiction to decide ecclesiastical controversies" (such

as declaring a certain practice a heresy), it does have jurisdiction to decide cases brought to enforce federal labor laws. *Id.* According to the court, "[t]he fact that enforcement of the [FLSA] in a particular case would entangle the court in an ecclesiastical controversy would be a compelling reason to dismiss that case, but not a reason founded on a lack of jurisdiction over a plaintiff's claim . . . Jurisdiction is determined by what the plaintiff claims rather than by what may come into the litigation by way of defense." *Id.* (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16 (1983); *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 549 (7th Cir. 2003)). The court went on to explain that a defendant invoking the ministers' exception should move to dismiss an employment case under Rule 12(c) (judgment on the pleadings), and if evidence is presented, the motion must be treated as one for summary judgment under Rule 56. *Id.*

Without citing supporting authority, InterVarsity argues that in every case in which the Seventh Circuit has affirmed the dismissal of an employment discrimination claim under the ministerial exception, it has based the dismissal on lack of subject matter jurisdiction. Although InterVarsity does not read *Schleicher* as abrogating these prior decisions, *Schleicher* makes clear that it is error to grant a Rule 12(b)(1) dismissal based on the ministerial exception.

Anticipating this ruling, InterVarsity also seeks dismissal under Rule 12(b)(6) and asks permission to file two supporting declarations. Miller objects, asserting her complaint states a claim under the ADEA and does not allow the court to infer that she sought a ministerial position with InterVarsity. Miller is correct: her complaint alleges only that she sought a position as a grant writer.

Miller also opposes InterVarsity's request to file declarations supporting its ministerial exception defense, asserting that InterVarsity failed to provide notice of its intent to convert its motion to one for summary judgment under Rule 56. A Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Rule 12(d) states that where matters outside the pleadings are provided and considered, the motion must be treated as one for summary judgment under Rule 56. However, the rule also requires that all parties be given a reasonable opportunity to present all pertinent material. The Seventh Circuit has interpreted this provision as requiring the moving party to provide adequate notice of its intent to frame its motion as one for summary judgment. *Miller*, 600 F.3d at 733.

InterVarsity asserts that the "procedural posture" of this case should have been clear to Miller following the parties' telephonic conference with the court on December 29, 2009. InterVarsity is correct that during the hearing, the court and the parties discussed InterVarsity's motion as essentially being a Rule 56 motion because InterVarsity made submissions outside of the pleadings. Dkt. 31 at 4-6. However, I made clear that there was no pending summary judgment motion and that it would be up to the parties to determine what was appropriate procedurally. *Id.* at 22 and 25-6. Although I set a schedule allowing the parties limited discovery related to the issues raised by InterVarsity in its motion, I specifically noted that by April 1, Miller either had to respond to the current motion "because the defendant has decided not to supplement it or to replace it" or InterVarsity had to file a "new motion in the form of a summary judgment motion or something similar." *Id.* at 16. In response, the following discussion took place between the court and InterVarsity's attorney:

4

| | |
|---|---|
| MR. MISHLOVE: | Your Honor, this is Michael Mishlove. I've never -- I know that was one of the things you asked me for. We didn't contemplate filing a different motion. |
| THE COURT: | Okay. Well, and again, you don't have to commit today – |
| MR. MISHLOVE: | Yeah. |
| THE COURT: | -- but the option is still out there if over the course of discovery and review of the case law you think you want to amplify, but that's something that Mr. Halstead is entitled to know and the Court would need to know so we can deal with it. But based on what you're telling me today, Mr. Mishlove, although that option remains, we'll consider April 1 to be the deadline for the plaintiff to file her response to the pending motion. . . |

*Id.* at 17.

Therefore, although the court and the parties certainly were aware that by April 1st, InterVarsity might decide to convert its motion to one for summary judgment, that decision was not made at the hearing. Further, the quoted discussion emphasizes the importance of InterVarsity informing both the court and Miller of its intentions with respect to the procedural posture of its pending motion.

As a result, I am denying InterVarsity's motion to dismiss and request to supplement the pleadings with two declarations. Under Rule 12(a)(4)(A), InterVarsity must file an answer within 10 days of the date of this order.

If, in light of this order, either side would like to revisit the dates and deadlines currently in the schedule, they should contact the clerk's office to request a telephonic status conference.

ORDER

IT IS ORDERED that defendant InterVarsity Christian Fellowship/USA's motion to dismiss under Fed. R. Civ. P. 12(b)(1), or in the alternative, Rule 12(b)(6) is DENIED. Defendant must file an answer to the complaint within 10 days of the date of this order pursuant to Fed. R. Civ. P. 12(a)(4)(A).

Entered this 14th day of July, 2010.

                            BY THE COURT:

                            /s/

                            STEPHEN L. CROCKER
                            Magistrate Judge