IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH MILLER,

            Plaintiff,

v.

INTERVARSITY CHRISTIAN FELLOWSHIP/USA,

            Defendant.

ORDER

09-cv-680-slc

---

This civil ADEA lawsuit has not advanced very far since being filed last November. In a recent series of motions, defendant InterVarsity Christian Fellowship/USA continues to claim that it is exempt from suit under the ministerial exception applicable to religious institution employers. Due to the manner in which InterVarsity has approached its claim, we are past the point of staying discovery; we are moving forward with discovery and motions practice and rescheduling all dates and deadlines in this case.

On December 16, 2009, InterVarsity invoked the ministerial exception doctrine and moved to dismiss plaintiff Elizabeth Miller's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Rule 12(b)(6). *See* dkt. 16. At a December 29, 2009 telephonic conference, after discussing the nuances of the ministerial exception doctrine with both sides, I gave the parties until April 1, 2010 to conduct limited discovery on the issues raised in the motion related to the exception and directed Miller to respond to the motion to dismiss by that date if InterVarsity chose not to replace or supplement the motion with a motion for summary judgment. *See* Hearing transcript, dkt. 31. Notwithstanding the court's discussion of the perils of standing pat, InterVarsity chose to rely on its motion to dismiss as filed and not to replace it with a motion for summary judgment.

On July 14, 2010, I denied InterVarsity's motion to dismiss on the ground that Miller's complaint clearly invoked the court's federal question jurisdiction. *See* dkt. 37. Although InterVarsity asked that I consider evidence outside the pleadings showing it was subject to the exception, I refused because doing so would have converted the motion to dismiss to a motion for summary judgment, for which InterVarsity had failed to provide proper notice to Miller.

After answering the complaint, InterVarsity has filed yet another motion to dismiss, this time under Rule 12(h)(3), which requires the court to dismiss an action if it at any time determines that it lacks subject matter jurisdiction. *See* dkt. 48. Alternatively, in the same document, InterVarsity has moved for summary judgment on the ground that it is immune from suit under the ministerial exception. In a separate motion, Intervarsity requests that the court again stay all proceedings on the merits of the age discrimination claim until the "threshold jurisdictional issue" is resolved. *See* dkt. 47. Plaintiff opposes virtually every aspect of defendant's approach, *see* dkts. 53 and 54, and has moved to compel discovery, *see* dkt. 60.

Although InterVaristy seems confused by this fact, I resolved the threshold *jurisdictional* issue in the July 14 order. As explained at length in the earlier order, the Court of Appeals for the Seventh Circuit has held that jurisdiction is determined by what the plaintiff claims rather than by what may come into the litigation by way of defense, and a defendant seeking to invoke the ministers' exception should move to dismiss an employment case under Rule 12(c) (judgment on the pleadings), and if evidence is presented, the motion must be treated as one for summary judgment under Rule 56. *Schleicher v. Salvation Army*, 518 F.3d 472, 478 (7th Cir. 2008) (internal citations omitted). Although InterVarsity apparently disagrees, *Schleicher* makes clear that it is error to grant a dismissal for lack of subject matter jurisdiction based on the ministerial exception. Accordingly, I am denying InterVarsity's latest motion to dismiss under Rule 12(h)(3).

2

This leaves InterVarsity's fallback motion for summary judgment. This is the motion that InterVarsity should have filed after the December 29, 2009 telephonic conference while the discovery stay was in place, but InterVarsity squandered this opportunity. There was no logical reason for InterVarsity to proceed as it has, which leads me to conclude that InterVarsity should not rewarded with another stay of discovery while we revisit its ministerial exception claim in the Rule 56 context.

This leaves the current schedule in shambles, with the general dispositive motions deadline having passed at the end of August and trial currently scheduled for January 10, 2011, with virtually no discovery having taken place. So here's what we shall do: the remainder of the current schedule is stricken because it is unrealistic under the circumstances. I am denying Intervarsity's motion for a discovery stay and denying without prejudice Miller's motion to compel discovery because it is moot, at least for a while, maybe forever. Here's why:

The September 22, 2010 telephonic motion hearing is postponed to September 29, 2010 at 2:00 p.m. and it is converted to a status and scheduling conference. The parties are to meet and confer before then and if they cannot agree on a new proposed schedule for this case, then they are to present to the court their separate and competing scheduling proposals. In either event, they must file their proposal(s) not later than September 27, 2010. In approaching scheduling, the parties are to keep in mind that there shall be no more discovery stays, and each side now is limited to one summary judgment motion on any and all issues raised in this lawsuit. In light of this, if InterVarsity wishes to withdraw or stay consideration of its current summary judgment motion, it may do so.

3

ORDER

IT IS ORDERED that:

(1) Defendant InterVarsity Christian Fellowship/USA's motion to dismiss pursuant to Fed. R. Civ. P. 12(h)(3) is DENIED;

(2) Defendant's motion for summary judgment is STAYED;

(3) Defendant's motion to stay further proceedings in this case until the court rules on its pending summary judgment motion is DENIED;

(4) Plaintiff Elizabeth Miller's motion for an extension of time within which to respond to defendant's pending summary judgment motion is DENIED as moot;

(5) Plaintiff's motion to compel discovery is DENIED WITHOUT PREJUDICE as moot;

(6) The September 22, 2010 telephonic motion hearing is moved to September 29, 2010 at 2:00 p.m. and is converted to a telephonic status and scheduling conference; and

(7) Not later than September 27, 2010 the parties shall submit their new scheduling proposal(s) to the court.

Entered this 20th day of September, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge